United States District Court
Southern District of Texas

**ENTERED**

June 15, 2026

Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| NADAB GARCIA, | § | CIVIL ACTION NUMBER |
| (TDCJ # 02216186) | § | 4:23-cv-01468 |
| Plaintiff, | § | |
| | § | |
| | § | |
| versus | § | JUDGE CHARLES ESKRIDGE |
| | § | |
| | § | |
| JOHN V. TARAWALIE, *et al*, | § | |
| Defendants. | § | |

## OPINION AND ORDER ON DISMISSAL

The amended motion to dismiss by Defendants John V. Tarawalie, Charles A. Countryman, Kingsley C. Theophilus, Timothy Jacoby, and Christopher E. Little is granted. Dkt 19.

The civil-rights action by Plaintiff Nadab Garcia is dismissed with prejudice.

### 1.  Background

Plaintiff is a former inmate of the Texas Department of Criminal Justice–Correctional Institutions Division. He proceeds here *pro se* and *in forma pauperis*. In April 2023, he filed a complaint under 42 USC §1983, alleging that Defendants violated his Eighth Amendment rights by refusing to provide him with medical care after he was injured by a fellow inmate. He also alleges that Defendants retaliated against him. Dkt 1.

Specifically, he alleges that on October 31, 2022, while incarcerated at the Ferguson Unit, another inmate threw hot petroleum jelly on his face and ear. He called "the sergeants," who came to the scene but refused to escort him to the medical unit. Plaintiff then started a fire in his cell as a call for attention, but when "the sergeants" returned, they still refused to take him to the medical unit. Plaintiff

alleges that this was retaliation, but he doesn't include any facts to explain why "the sergeants" would retaliate against him. Id at 4.

In a Step 1 grievance dated November 8, 2022, and attached to the complaint, Plaintiff reported that a member of a prison gang had thrown hot petroleum jelly on his face on October 31st. When Sergeant Jacoby responded to the scene, Plaintiff asked him to escort him to the medical unit, but Jacoby refused. Plaintiff later spoke with "Ms. Mark," who escorted him to medical. Plaintiff stated that Ms. Mark told Sergeant Tarawalie to lock up the inmate who threw the hot substance, but Tarawalie refused. Id at 6.

Plaintiff also reported that his life was in danger from prison gang members. He stated that a different gang member put "electricity" on his bunk, and that an Officer Pfleiderer filed a disciplinary charge against Plaintiff when he tried to defend himself. The Step 1 grievance asked for the disciplinary charge to be investigated, along with the incident with the petroleum jelly. Id at 6–7.

The grievance response stated that Plaintiff's claim of inmate violence had been investigated and substantiated and that a unit transfer had been recommended. Id at 7. It appears that Plaintiff was transferred to a different TDCJ unit a few weeks later. Id at 10–11.

In a Step 2 grievance appeal dated January 19, 2023, and attached to the complaint, Plaintiff sought review of his disciplinary conviction rather than anything relating to the incident with the petroleum jelly. The grievance response noted that he had been transferred to a new unit due to substantiated claims of inmate-on-inmate violence, but it didn't address his claims concerning the disciplinary charge. Ibid.

In his complaint, Plaintiff seeks money damages from Defendants based on their alleged refusal to escort him to the medical unit and their alleged retaliation against him. Id at 3–4.

Defendants responded to the complaint with a motion to dismiss. Dkt 18. They later filed an amended motion.

Dkt 19. The only difference between the two motions appears to be the correction of a minor typographical error. The latter asserts that the complaint doesn't allege sufficient facts to show that Defendants violated Plaintiff's constitutional rights. Id at 3–6. It also asserts that qualified immunity protects Defendants from liability. Id at 6–7.

Plaintiff filed a response, which he titled a "motion to proside." Dkt 20. He clarifies that Tarawalie and Jacoby responded when he first called for help after being burned, but they refused to escort him to the medical unit. Unidentified officers who responded when he later set fire to his cell also refused to take him to the medical unit. Ms. Mark, who is the self-harm prevention officer, escorted him to the medical unit about three hours after he was initially burned. Id at 1–2.

### 2. Legal standard

Plaintiff's complaint is construed liberally because he proceeds *pro se. Coleman v United States*, 912 F3d 824, 828 (5th Cir 2019), citing *Erickson v Pardus*, 551 US 89, 94 (2007, *per curiam*).

To state a valid claim under §1983, a plaintiff must (i) allege a violation of rights secured by the Constitution or laws of the United States, and (ii) demonstrate that the alleged violation was committed by a person acting under color of state law. *West v Atkins,* 487 US 42, 48 (1988); *Gomez v Galman*, 18 F4th 769, 775 (5th Cir 2021, *per curiam*). The first element recognizes that "state tort claims are not actionable under federal law; a plaintiff under [§]1983 must show deprivation of a federal right." *Nesmith v Taylor,* 715 F2d 194, 195 (5th Cir 1983, *per curiam*). The second element means that generally only *state* actors—not private parties—can be liable for violations of civil rights. *Frazier v Board of Trustees of Northwest Mississippi Regional Medical Center*, 765 F2d 1278, 1283 (5th Cir 1985).

Dismissal of a complaint is appropriate "'when the court lacks the statutory or constitutional power to

adjudicate' the claim." *In re FEMA Trailer Formaldehyde Products Liability Litigation*, 668 F3d 281, 286 (5th Cir 2012), quoting *Home Builders Association v City of Madison*, 143 F3d 1006, 1010 (5th Cir 1998). Rule 12(b)(1) permits a defendant to seek such dismissal. Once jurisdiction is at issue, the party asserting it has the burden to establish by a preponderance of the evidence that it exists. *New Orleans & Gulf Coast Railway Co v Barrois*, 533 F3d 321, 327 (5th Cir 2008); see also *Ramming v United States*, 281 F3d 158, 161 (5th Cir 2001, *per curiam*): "[T]he plaintiff constantly bears the burden of proof that jurisdiction does in fact exist."

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a plaintiff's complaint to provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 12(b)(6) allows the defendant to seek dismissal if the plaintiff fails "to state a claim upon which relief can be granted."

Reading these Rules together, the Supreme Court has held that Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v Iqbal*, 556 US 662, 678 (2009), quoting *Bell Atlantic Corp v Twombly*, 550 US 544, 555 (2007). To survive a Rule 12(b)(6) motion to dismiss, the complaint "must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v Taylor*, 503 F3d 397, 401 (5th Cir 2007), quoting *Twombly*, 550 US at 555.

A complaint must therefore contain "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 US at 570. A claim has *facial plausibility* "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 US at 678, citing *Twombly*, 550 US at 556. This standard is "not akin to a 'probability requirement,' but it asks for more than a

sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 US at 678, quoting *Twombly*, 550 US at 556.

Review of a motion to dismiss under Rule 12(b)(6) is constrained, being generally limited to the contents of the complaint and its attachments. *Collins v Morgan Stanley Dean Witter*, 224 F3d 496, 498 (5th Cir 2000). The reviewing court "must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff." *Walker v Beaumont Independent School District*, 938 F3d 724, 735 (5th Cir 2019), quoting *Campbell v Wells Fargo Bank, NA*, 781 F2d 440, 442 (5th Cir 1986) (cleaned up). But courts "do not accept as true 'conclusory allegations, unwarranted factual inferences, or legal conclusions.'" *Rx Solutions, Incorporated v Caremark, LLC,* 164 F4th 436, 441 (5th Cir 2026), quoting *Hodge v Engleman,* 90 F4th 840, 843 (5th Cir 2024) (cleaned up).

While *pro se* litigants are held to less stringent pleading standards than attorneys, they aren't excused from the requirement to allege sufficient facts to state a plausible claim. See *Taylor v Books A Million, Inc*, 296 F3d 376, 378 (5th Cir 2002); *Toole v Peak*, 361 F Appx 621, 621 (5th Cir 2010, *per curiam*) (self-represented litigants "still must actually argue something that is susceptible of liberal construction").

> 3. Discussion

> a. Official capacity claims

Plaintiff doesn't specify whether he seeks relief from Defendants in their official capacities, individual capacities, or both.

The Eleventh Amendment bars suits for damages against a state in federal court. *Kentucky v Graham*, 473 US 159, 169 (1985). "Absent waiver, neither a State nor agencies acting under its control [are] 'subject to suit in federal court.'" *Puerto Rico Aqueduct and Sewer Authority v Metcalf & Eddy, Inc*, 506 US 139, 144 (1993), quoting *Welch v Texas Department of Highways and Public Transportation*, 483 US 468, 480 (1987). This bar also applies to state officials sued for damages in their official

capacity because such actions "generally represent only another way of pleading an action against an entity of which an officer is an agent." *Kentucky*, 473 US at 165, quoting *Monell v New York City Department of Social Services*, 436 US 658, 690 n 55 (1978).

The amended motion by Defendants to dismiss under Rule 12(b)(1) will be granted in this respect. Dkt 19.

To the extent that Plaintiff seeks an award of money damages from Defendants in their official capacities, his claims will be dismissed for lack of jurisdiction.

### b.   Deliberate indifference

Plaintiff's first claim against Defendants in their individual capacities alleges that they were deliberately indifferent to his need for medical care.

The Eighth Amendment's prohibition against cruel and unusual punishment guarantees prisoners the right to have their serious medical needs addressed. See *Gobert v Caldwell*, 463 F3d 339, 345 (5th Cir 2006). A *serious medical need* is one "for which treatment has been recommended or for which the need is so apparent that even laymen would recognize that care is required." Id at 345 n 12. Prison officials violate the Eighth Amendment when they evince *deliberate indifference* to a prisoner's serious medical needs, resulting in the unnecessary and wanton infliction of pain. *Wilson v Seiter*, 501 US 294, 297 (1991).

But the standard for *deliberate indifference* is "extremely high." *Domino v Texas Department of Criminal Justice*, 239 F3d 752, 756 (5th Cir 2001). "For an official to act with deliberate indifference, 'the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.'" *Smith v Brenoettsy*, 158 F3d 908, 912 (5th Cir 1998), quoting *Farmer v Brennan*, 511 US 825, 837 (1994). To meet this standard, the plaintiff must allege facts showing that the defendant, despite knowing of the risk, "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any

similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Domino*, 239 F3d at 756, quoting *Johnson v Treen*, 759 F2d 1236, 1238 (5th Cir 1985). "Actions and decisions by officials that are merely inept, erroneous, ineffective, or negligent" don't amount to deliberate indifference. *Doe v Dallas Independent School District*, 153 F3d 211, 219 (5th Cir 1998); see also *Farmer*, 511 US at 835. And when the claim is based on a delay in medical care, the plaintiff must allege facts showing that the delay *itself* resulted in substantial harm. See *Easter v Powell*, 467 F3d 459, 464 (5th Cir 2006, *per curiam*), quoting *Mendoza v Lynaugh*, 989 F2d 191, 193 (5th Cir 1993).

Plaintiff hasn't alleged facts to satisfy this extremely high standard. He alleges that Jacoby knew that he had been splashed with hot petroleum jelly, but he doesn't describe his injuries or allege any facts demonstrating that it was apparent that immediate medical care was required. He doesn't identify any action or inaction by Defendants Theophilus, Little, or Countryman relating to the alleged delay in receiving medical care. And he alleges no facts showing that the three-hour delay in receiving medical care caused him substantial harm. In sum, his allegations are nothing more than the "defendant-unlawfully-harmed-me" type the Supreme Court has held to be legally insufficient. See *Ashcroft*, 556 US at 678.

As to Tarawalie, Plaintiff alleges only that he refused Ms. Mark's order to secure the inmate who allegedly caused the injury. But these facts, even taken as true, don't demonstrate deliberate indifference to Plaintiff's need for medical care.

Plaintiff's factual allegations don't meet the high standard required to show deliberate indifference to his serious medical needs. He thus isn't entitled to relief from Defendants on these claims.

The claims by Plaintiff based on deliberate indifference will be dismissed with prejudice for failing to state a claim.

### c.  Retaliation

Plaintiff's second claim against Defendants in their individual capacities alleges that they retaliated against him.

A *prima facie* case of retaliation in the prison context requires the plaintiff to show that (i) he exercised a specific constitutional right, (ii) the defendant intended to retaliate against him for the exercise of that right, (iii) the defendant took a retaliatory adverse action, and (iv) the plaintiff's exercise of the constitutional right caused the retaliatory adverse action. *Johnson v Rodriguez*, 110 F3d 299, 310 (5th Cir 1997). To support a claim, the alleged adverse acts must be sufficiently serious to rise to the level of a constitutional violation. *Morris v Powell*, 449 F3d 682, 684–85 (5th Cir 2006). And to show *causation*, the plaintiff must either "produce direct evidence of motivation or, the more probable scenario, 'allege a chronology of events from which retaliation may plausibly be inferred.'" *Woods v Smith*, 60 F3d 1161, 1166 (5th Cir 1995), quoting *Cain v Lane*, 857 F2d 1139, 1143 n 6 (7th Cir 1988). "Mere conclusory allegations of retaliation" aren't sufficient. Ibid. Neither is the plaintiff's personal belief that he's the victim of retaliation. *Johnson*, 110 F3d at 310.

The complaint alleges no facts sufficient to meet this standard. Plaintiff's personal belief that Defendants retaliated against him in some way at some unidentified time isn't sufficient to state a claim upon which relief can be granted. Beyond that, he doesn't identify a specific constitutional right that he was exercising. He doesn't identify any retaliatory adverse action that any Defendant took against him. And he offers no chronology of events from which retaliation could plausibly be inferred.

The claims by Plaintiff for retaliation must be dismissed with prejudice for failing to state a claim.

### d.  Qualified immunity

Defendants also raise the affirmative defense of qualified immunity. This defense protects government officials "from liability for civil damages insofar as their

8

conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v Callahan*, 555 US 223, 231 (2009), quoting *Harlow v Fitzgerald*, 457 US 800, 818 (1982). Its availability as a defense ultimately "turns only upon the *objective* reasonableness of the defendant's acts." *Thompson v Upshur County, Texas*, 245 F3d 447, 457 (5th Cir 2001) (emphasis in original).

Analysis of qualified immunity involves two inquiries. See *Aguirre v City of San Antonio*, 995 F3d 395, 406 (5th Cir 2021). A court "first asks whether the facts, taken in the light most favorable to the party asserting the injury, show the officer's conduct violated a federal right." Ibid, quoting *Tolan v Cotton*, 572 US 650, 655–56 (2014, *per curiam*). Second, it determines whether the "right in question was 'clearly established' at the time of the violation." *Tolan*, 572 US at 656, citing *Hope v Pelzer*, 536 US 730, 739 (2002). "'The salient question is whether the state of the law' at the time of an incident provided 'fair warning' to the defendants 'that their alleged conduct was unconstitutional." Ibid, quoting *Hope*, 536 US at 741 (cleaned up).

As explained above, as to the first question, Plaintiff doesn't allege facts sufficient to show that Defendants violated his constitutional rights. The second question thus needn't be considered.

The amended motion by Defendants to dismiss the claims against them based on qualified immunity is granted. Dkt 19. The claims by Plaintiff against Defendants are dismissed with prejudice as barred by qualified immunity.

### 4.   Conclusion

The original motion to dismiss by Defendants is DENIED AS MOOT. Dkt 18.

The amended motion to dismiss by Defendants is GRANTED. Dkt 19.

The civil-rights action by Plaintiff Nadab Garcia is DISMISSED WITH PREJUDICE. Dkt 1.

9

Plaintiff's "motion to proside" is DENIED AS MOOT. Dkt 20.

Any other pending motions are DENIED AS MOOT.

Final judgment will enter separately.

SO ORDERED.

Signed on ____June 15, 2026____, at Houston, Texas.

_____

Honorable Charles Eskridge
United States District Judge